UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ITALIAN DIPLOMATIC ACADEMY,

                        Petitioner,

-v-

INTERNATIONAL MODEL UNITED NATIONS
ASSOCIATION, INC.,

                        Respondent.

25 Civ. 746 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Petitioner Italian Diplomatic Academy ("IDA") seeks to vacate a partial final arbitral award ("Partial Final Award" or "PFA") issued following an arbitration between IDA and respondent International Model United Nations Association, Inc. ("IMUNA"). Dkt. 1 ("Petition" or "Pet."). IMUNA moves to dismiss the petition.[1] For the reasons that follow, the Court dismisses the action as moot.

---

[1] "A motion to dismiss is not a procedurally proper response to a petition to confirm, modify, or vacate an arbitration award." *Berkowitz v. Gould Paper Corp.*, No. 21 Civ. 6582, 2022 WL 118232, at *1 n.1 (S.D.N.Y. Jan. 12, 2022). The Court thus treats IMUNA's motion to dismiss as a motion to confirm the arbitral award. *See id.*; *Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C.*, 556 F. Supp. 2d 329, 332 (S.D.N.Y. 2008) ("When a party moves to dismiss a motion to vacate an arbitration award, the court may, *sua sponte*, treat the motion to dismiss as a motion to confirm the award."); *cf. Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 570 (7th Cir. 2007) ("[The FAA] removes actions to confirm or vacate arbitration awards from the realm of civil cases governed by the Federal Rules of Civil Procedure.").

I.      **Background**

      A.      **The Parties and Their Agreements**

IDA is an Italian non-profit organization with a principal place of business in Italy. Pet. ¶ 2. IDA operates academic training programs for European high school and college students focused on international affairs and diplomacy. *Id.* ¶ 8.

IMUNA is a section 503(c) non-profit corporation organized under the laws of Missouri. *Id.* ¶ 3. IMUNA administers and hosts the National High School Model United Nations ("NHSMUN") conference, an annual model United Nations conference and competition for high school students, located in New York City. *Id.* ¶ 9.

Between 2009 and 2016, IDA enrolled its members in NHSMUN. *Id.* ¶¶ 10–11. In or about May 2016, IDA and IMUNA entered into an agreement that granted IDA "exclusivity" in "securing Participants for the annual conference in the Northern and Central regions of Italy" in exchange for "IDA providing a minimum number of Participants per year," and requiring that "Participants stay[] at the IMUNA designated hotel." *Id.* ¶ 12.

In or about December 2016, the parties disagreed as to "the scope of said exclusivity, hotel fees[,] and Participant fees." *Id.* ¶ 14. The dispute apparently "culminated in IMUNA precluding IDA and their Participants from attending the NHSMUN 2018 conference." *Id.* ¶ 15.

On April 30, 2018, IDA sued IMUNA in this District for breach of contract and defamation. *Id.* ¶ 16. IMUNA counter-claimed for trademark infringement, defamation, unfair competition, and unjust enrichment. *Id.* ¶ 18. On February 25, 2019, the parties settled. *Id.* ¶ 19; *see Italian Diplomatic Acad. v. Int'l Model United Nations Ass'n, Inc.*, 18 Civ. 3866 (S.D.N.Y.), Dkt. 33.

### B.     The Arbitral Award

On or about November 20, 2019, IMUNA filed a demand for arbitration, alleging that IDA breached the settlement. Pet. ¶¶ 24–26. On December 20, 2019, IDA counterclaimed. *Id.* ¶ 27. On March 6, 2020, IMUNA amended its demand. *Id.* ¶ 29.

Between May 6 and 9, 2024, the parties engaged in arbitral proceedings before Judicial Arbitration and Mediation Services ("JAMS") arbitrator Lawrence W. Pollack. *Id.* ¶¶ 1, 30. On October 25, 2024, the Partial Final Award issued. *Id.* ¶ 45. It provided that IDA was to pay IMUNA liquidated damages in the amount of $283,500, which was to be "set off" against an award of damages to IDA of $200,000. *Id.* ¶¶ 45, 51; *see* Dkt. 1-3 (copy of PFA) at 28. The PFA, as alleged, did not address IDA's claims for liquidated damages or attorney's fees and costs. Pet. ¶ 47.

### C.     This Action

On January 24, 2025, IDA filed the instant petition to vacate the PFA. Dkt. 1. It alleges, *inter alia*, that Pollack improperly "failed to address, discuss, or provide a rationale as to why he did not make a ruling on IDA's claims for liquidated damages, attorney's fees and costs[.]" Pet. ¶ 56.

On February 4, 2025, while this lawsuit was pending, Pollack issued an amended Partial Final Award. Dkt. 13 ("LaRocco Decl.") ¶ 4; Dkt. 13-1 ("Amended PFA"). The Amended PFA explained the decision not to award IDA liquidated damages, and directed the parties to "collaborate upon the amount of such reasonable attorney's fees and costs" to be paid by IDA in accordance with the Amended PFA. *Id.* at 24–25, 28.

On February 20, 2025, in light of the Amended PFA, the Court ordered IDA to file an amended petition on or before April 7, 2025. Dkt. 6. IDA did not do so.

3

On May 5, 2025, the Court issued an order to show cause directing IDA to demonstrate, on or before May 9, 2025, why the action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. Dkt. 7 ("OTSC"). On May 9, 2025, IDA filed a letter-motion seeking an extension to respond until May 16, 2025, Dkt. 8, which the Court granted, Dkt. 9. On May 16, 2025, IDA filed a second letter-motion, again seeking an extension to respond to the OTSC until June 16, 2025, Dkt. 10, which the Court also granted, Dkt. 11. No response was filed.

On July 1, 2025, IMUNA filed a motion to dismiss, centrally on the ground that IDA's failure to prosecute warrants dismissal under Rule 41(b). Dkt. 14 ("Resp. Br."). On July 15, 2025, IDA opposed. Dkt. 17 ("Pet. Br."). On July 22, 2025, IMUNA replied. Dkt. 18 ("Resp. Reply").

## II. Discussion

The Court dismisses this action because the issuance of the Amended PFA mooted the instant petition to vacate the original Award and the motion to dismiss it. *See Conn. Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 444 (2d Cir. 2021) ("If, as a result of changed circumstances, a case that presented an actual redressable injury at the time it was filed ceases to involve such an injury, it ceases to fall within a federal court's Article III subject matter jurisdiction and must be dismissed for mootness.").

Article III of the U.S. Constitution limits the subject matter jurisdiction of federal courts to live "cases" or "controversies." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 120 (2007) (capitalization altered). Federal courts may exercise their equitable powers only where such a controversy exists. *See id.* at 36–37. A Court's exercise of authority under the FAA is no exception. *See Badgerow v. Walters*, 596 U.S. 1, 8 (2022) (FAA provisions authorizing

"applications to confirm, vacate, or modify arbitral awards . . . do not themselves support federal jurisdiction.").

A court may not render judgment when the underlying question is moot. *See Janakievski v. Exec. Dir., Rochester Psych. Ctr.*, 955 F.3d 314, 319 (2d Cir. 2020); *see also North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (a court "is not empowered to decide moot questions"). And a case has become moot if it "is no longer embedded in any actual controversy about the plaintiffs' particular legal rights," *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted), including where "intervening circumstances during the litigation [have] remove[d] a party's interest in its outcome," *Bellino v. JPMorgan Chase Bank, N.A.*, No. 14 Civ. 3139, 2015 WL 4006242, at *2 (S.D.N.Y. June 29, 2015) (citing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013)). Accordingly, the plaintiff "must, at each stage of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *Janakievski*, 955 F.3d at 319; *Ruesch v. Comm'r of Internal Revenue*, 25 F.4th 67, 70 (2d Cir. 2022) ("[N]o live controversy remains where a party has obtained all the relief she could receive on the claim through further litigation.").

Here, although IDA had standing when it filed its original petition to vacate, "no live controversy remains." *Id.* The Petition was mooted by the arbitrator's issuance of the Amended PFA, which superseded the award that was the subject of this action and became the operative award upon its issuance. *See T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 346–47 (2d Cir. 2010) (vacating district court ruling confirming arbitral award on ground that an amended arbitral award superseded the original). The parties do not dispute that, once the Amended PFA issued, any motion concerning the original PFA became moot. *See* Pet. Br. at 4 ("The Arbitrator, having issued an Amended PFA, renders IMUNA's motion moot as there is no

5

case or controversy that requires adjudication."); Resp. Reply at 2 ("[I]f the motion to dismiss the Petition is moot because, as IDA argues, the Amended Award precludes any existing case or controversy concerning the initial Award, then the same is true of the Petition itself, which addresses only the initial Award." (cleaned up)). IDA was required to, but did not, file an amended petition to vacate to sustain a live case or controversy under Article III of the U.S. Constitution. *Cf. Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 68–69 (2d Cir. 2023). The Court thus denies the petition and motion to dismiss it as moot.

## CONCLUSION

Because no live case or controversy remains, the Court dismisses the action. The dismissal is with prejudice to any action seeking to confirm or vacate the PFA, which all agree has been overtaken by the Amended PFA. For avoidance of doubt, this dismissal does not preclude either party from bringing an action with respect to the Amended PFA.[2] The Court respectfully directs the Clerk of Court to terminate all pending motions and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: August 8, 2025
       New York, New York

---

[2] Although a decision as to the timeliness of any such action would be left for the court hearing that action, respondent IMUNA appears to be within the FAA's one-year statute of limitations for filing such a petition to confirm, *see* 9 U.S.C. § 9, whereas the statutory time period for IDA to file a petition to vacate or otherwise modify the Amended PFA appears to have expired, *see id.* § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").